UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:   Arthur George DelConte, Jr. and           Case No. 07-30583
         Rebecca Jayne DelConte,
             Debtors

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the chapter 13 trustee for an order requiring debtors Arthur George DelConte, Jr. and Rebecca Jayne DelConte to modify their chapter 13 plan because of a postpetition inheritance received by Mrs. DelConte. The court finds that the motion should be granted.

**Background and findings of fact.** Debtors filed this chapter 13 case on February 16, 2007. Debtors' amended chapter 13 plan was confirmed on August 5, 2010, and proposed to pay a 5% dividend to unsecured claimholders. The order confirming the chapter 13 plan provides that "Upon entry of this order, all property of the estate shall revest in the Debtor(s). Notwithstanding such revesting, the Debtor(s) shall not encumber, refinance, sell or otherwise convey real property without first obtaining an order of approval from this Court."

The trustee has represented that payments under the plan currently are projected to result in a payment of 9.694% to unsecured claimholders. Total unsecured claims filed total $41,312.06. Payments under the plan as confirmed are $538.38 per month for forty months and $740.00 per month for the last twenty months. The sixtieth and final payment under the plan was due in February 2012. Although several payments have not been made, counsel for debtors represented to the court that debtors are in possession of sufficient funds to pay the plan in full.

1

The parties have stipulated that Mrs. DelConte received an inheritance of a one-half interest in real estate located at 713 Old Town Drive, Colonial Heights, Virginia, upon the death of her mother on December 20, 2010. They have also stipulated that by deed of gift dated April 7, 2011, Mrs. DelConte subsequently transferred her interest in the inherited real estate to her sister. Although the parties did not present expert appraisal evidence for the property, Mrs. DelConte testified that she had recently received a tax assessment for the property in the amount of $133,000. Debtors did not notify the chapter 13 trustee of the inheritance and subsequent transfer until December 2011.

The trustee argues that this inheritance constituted a substantial and unanticipated postconfirmation change in debtors' financial condition, justifying a modification of the chapter 13 plan. Debtors deny this, arguing that the inherited property is not property of the bankruptcy estate and that as the sixty month term of the chapter 13 plan has passed, it would be impossible for debtors to pay one hundred percent of their unsecured debts in the case, which is what would be required were the trustee's motion to be granted.

Hearing on the motion was held on April 17, 2012, at which time the court heard argument and received evidence.

**Conclusions of law.** Modification of chapter 13 plans is made possible by § 1329 of the Bankruptcy Code. That section allows a trustee to move for an increase in the amount of payments on claims of any class provided for by the plan. The Fourth Circuit has addressed when a trustee may successfully make such a motion. In *Murphy v. O'Donnell (In re Murphy)*, 474 F.3d 143 (4th Cir. 2007), the Fourth Circuit held that a party seeking to modify plan payments must show a substantial and unanticipated post-confirmation change in the debtor's financial condition. The court found that this result

2

was mandated by the res judicata effect of a confirmed plan on debtors and creditors. In *Murphy*, the court noted that a "change is unanticipated if the debtor's present financial condition could not have been reasonably anticipated at the time the plan was confirmed." 474 F.3d at 149, *citing Arnold v. Weast (In re Arnold)*, 869 F.2d 240, 243 (4th Cir. 1989).

Debtors here argue that the inheritance did not become property of the estate pursuant to §§ 1306(a) and 541(a)(5) of the Bankruptcy Code because confirmation vested all property of the estate in debtors at confirmation pursuant to § 1327(b). Regardless of whether the court agrees with debtors' analysis, it is not necessary to resolve the issue here. The debtor in *Murphy* made the same argument when the trustee moved for plan modification after the debtor had realized a substantial and unanticipated profit from the sale of real property. The Fourth Circuit held that the substantial and unanticipated change required a modification of a chapter 13 plan:

> Five interpretations of the interplay between §§ 1306(a) and 1327(b) have developed. *See Woodard v. Taco Bueno Rest., Inc.,* 2006 WL 3542693 (N.D.Tex. December 8, 2006) (discussing four interpretations and offering a fifth). To resolve Murphy's argument, we need not discuss these varying interpretations or select one as the most preferable. Under *In re Arnold,* a debtor cannot use plan confirmation as a license to shield himself from the reach of his creditors when he experiences a substantial and unanticipated change in his income. 869 F.2d at 241-43. To be sure, through §§ 1329(a)(1) and (a)(2), Congress gave a debtor an out when his financial condition substantially deteriorates and, concomitantly, gave the Chapter 13 trustee and the unsecured creditors an avenue to recoup when the debtor's financial condition substantially improves, provided the change in financial condition is unanticipated. In *In re Arnold,* we permitted a modification of a confirmed plan where the debtor's salary went from $80,000 to $200,000. *Id.* at 241. If a substantial, unanticipated salary increase warrants a modification, we see no reason why substantial, unanticipated income realized from the sale of property would not also warrant a modification of a confirmed plan. **Thus, even though property vested in Murphy upon confirmation, this**

3

> **fact did not prevent the Chapter 13 trustee from seeking to modify Murphy's plan.**

474 F.3d at 154 (emphasis added). As the Fourth Circuit has found that resolving the conflict between §§ 1327 and 1306 to determine whether an asset is property of the bankruptcy estate is not necessary to a ruling on a trustee's motion for modification, the court will not address the issue and will instead focus on the test set forth by the Fourth Circuit, the existence of a substantial and unexpected change.[1]

There is no question that Mrs. DelConte's inheritance constitutes a substantial and unanticipated change. At trial, she testified that the most recent tax assessment for the property was $133,000. Lacking evidence to the contrary, the court determines that to be the value of the property for purposes of this order. Her one-half interest, $66,500, exceeds the $41,312.06 in unsecured claims filed in the case, even without considering the nearly 10% paid by debtors through their plan. This is a substantial change. The inheritance is also unanticipated, almost by definition. There is no evidence that the inheritance was anticipated, and the timing of events does not lead to such a conclusion. While debtors' first chapter 13 plan was confirmed in 2007 and modified in August 2010,[2] Mrs. DelConte's mother did not die until December 20, 2010.

Having found that the change was substantial and unanticipated, however, the court still faces the question of how best to remedy this situation in light of the limited time remaining in the plan. The court notes that Mrs. DelConte's failure to disclose the receipt of the inheritance and her subsequent transfer of the real property violate the

---

[1] The language of the confirmation order also supports the position taken by the trustee and not that of the debtor with regard to this issue.

[2] It appears that the amendment was primarily to reflect the surrender of the debtors' primary residence and increase the plan payment for the final twenty months of the plan as a result. The filing of the amended plan occurred just after the secured creditor for the primary residence was granted relief from the automatic stay.

court's order of confirmation. Had she disclosed the inheritance when it was received, or even at a time just prior to the transfer to her sister, Mrs. DelConte would have perhaps been able to modify the chapter 13 plan to address the inheritance. Her untimely disclosure has obviated that possibility. The court cannot excuse Mrs. DelConte's violation of the confirmation order simply by noting that the disclosure came too late to enable debtors to modify their chapter 13 plan. This is a serious violation. An asset that might have been used to satisfy the claims of unsecured creditors has been transferred beyond their reach.

In light of the unique circumstances of this case, the court grants the chapter 13 trustee's motion as to Mrs. DelConte with the following conditions. Mrs. DelConte may remedy her situation and receive a discharge by modifying her chapter 13 plan to provide for payment in full of unsecured claims within thirty days from the date of the entry of this order. She must file such a modification within ten days from the date of the entry of this order.[3] Should she fail to take such action within that ten-day period, the trustee may submit an order dismissing her case without a discharge. In the alternative, during that ten-day period, Mrs. DelConte has the right to convert her case to chapter 7 or to voluntarily dismiss her case without receiving a discharge.

As there is no evidence that Mr. DelConte participated in his wife's actions, he should not be penalized by them. Mr. DelConte is entitled to receive a discharge at the completion of the plan payments required by the chapter 13 plan that was confirmed on August 5, 2010. Therefore,

---

[3] Mrs. DelConte need not notice the modified plan to all creditors upon filing but only to the chapter 13 trustee and the United States Trustee.

IT IS ORDERED that the trustee's motion to modify is DENIED as to debtor Arthur George DelConte, Jr., and it is further

ORDERED that the trustee's motion to modify is GRANTED as to debtor Rebecca Jayne DelConte, and it is further

ORDERED that within ten days from the date of the entry of this order, debtor Rebecca Jayne DelConte either 1) amend her chapter 13 plan to provide that within thirty days from the date of the entry of this order, she will submit to the chapter 13 trustee funds sufficient to pay a dividend of 100% to unsecured creditors, 2) convert her case to chapter 7, or 3) voluntarily dismiss her case without receiving a discharge, and it is further

ORDERED that should debtor Rebecca Jayne DelConte fail to timely take one of the three actions ordered above, her chapter 13 case will be dismissed without discharge upon submission of a proper order by the chapter 13 trustee, and it is further

ORDERED that should debtor Rebecca Jayne DelConte timely amend her chapter 13 plan but fail to submit to the chapter 13 trustee funds sufficient to pay a dividend of 100% to unsecured creditors within thirty days from the date of the entry of this order, her chapter 13 case will be dismissed without discharge upon submission of a proper order by the chapter 13 trustee.

Signed:

                                                 /s/ Douglas O. Tice Jr.
                                          Chief United States Bankruptcy Judge
                                          Eastern District of Virginia

Copies:

George Arthur DelConte, Jr.

Rebecca Jayne DelConte
713 Old Town Drive
Colonial Heights, VA 23834


Elizabeth C. Brogan
Mark C. Leffler
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588

Carl M. Bates
P. O. Box 1819
Richmond, VA 23218

Susan Hope Call
Chapter 13 Trustee's Office
919 East Main Street, Ste. 1601
P.O. Box 1819
Richmond, VA 23218

Robert B. Van Arsdale
Office of the U. S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219